**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GREGORY LYNN HARRIS, | No. 09-15507 |
| Petitioner - Appellant, | D.C. No. 2:05-cv-01191-JCM-LRL |
| v. | |
| MICHAEL BUDGE, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted February 10, 2010[**]
San Francisco, California

Before: O'SCANNLAIN, TROTT and PAEZ, Circuit Judges.

Gregory Harris appeals the district court's dismissal of his petition for a writ

of habeas corpus, which alleged a violation of his right to due process under the

Fourteenth Amendment. Harris argues that there was insufficient evidence to

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

support his convictions for three charges: (a) Trafficking of a Controlled Substance; (b) Conspiracy to Commit Robbery; and (c) Living From the Earnings of a Prostitute. Harris filed his federal habeas petition after April 24, 1996; therefore the provisions of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") govern this case. *Juan H. v. Allen*, 408 F.3d 1262, 1270 (9th Cir. 2005) (citing *Chein v. Shumsky*, 373 F.3d 978, 983 (9th Cir. 2004) (en banc)). We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo a district court's denial of a state prisoner's petition for habeas relief, *Juan H.*, 408 F.3d at 1269 n.7, and we affirm.

In *Jackson v. Virginia*, 443 U.S. 307(1979), the Supreme Court established the "standard [that] is to be applied in a federal habeas corpus proceeding when the claim is made that a person has been convicted in a state court upon insufficient evidence." *Id.* at 309. The Court held that "the critical inquiry on review of the sufficiency of the evidence to support a criminal conviction must be . . . to determine whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Id.* at 318. "After AEDPA, we apply the standards of *Jackson* with an additional layer of deference." *Juan H.*, 408 F.3d at 1274 (citing 28 U.S.C. § 2254(d)). After reviewing the record, we conclude that there was

2

sufficient evidence for a rational juror to find beyond a reasonable doubt that Harris was guilty of these three offenses.

Harris also presented two uncertified issues in his opening brief, alleging violations of his right to confront witnesses under the Sixth Amendment and right to due process under the Fourteenth Amendment. Because reasonable jurists would not find either of the uncertified issues submitted to be debatable, we decline to expand the certificate of appealability.

AFFIRMED.